PER CURIAM.
Plaintiff takes this appeal to review an order directing him as principal and Travelers Indemnity Company as surety to pay a $4,000 receiver’s fee.
Sumner Aronson filed a complaint against the defendants Roy Ahringer and Metal Craft Awning and Shutter Company, Inc., to foreclose a chattel mortgage and prayed for an appointment of a receiver to take charge of the assets of the defendant company. A receiver was appointed and Aronson as principal and Travelers Indemnity Company as surety posted a $10,000 bond which reads in pertinent part:
“THE CONDITION OF THIS BOND is that if Plaintiff shall pay all costs and damages that Defendant sustains in consequence of Plaintiff improperly obtaining appointment of a receiver in this action, then this bond is void; otherwise, it remains in force.”
Having arrived at a tentative settlement of his dispute with the defendants, Aronson filed a motion to relieve the receiver of further duties. This motion was granted and the receiver was ordered to turn over the balance in his operating account to the defendants. After hearing the petition for final receivership fees, the trial judge awarded the receiver $4,000 and entered an amended order directing that the $4,000 receiver fee be paid from the assets of the defendant company or Aronson’s bond with Travelers Indemnity Company. Defendants and the receiver made demand upon Aronson for payment of the fee, but he refused. Defendants moved to order Aronson’s surety to pay the final receiver’s fee. After a hearing on this motion, the trial judge entered the appealed order directing Aronson and Travelers Indemnity Company to forthwith pay the final receiver’s fee. We reverse.
The general rule is that a surety is not bound beyond the scope of his engagement as limited by the instrument establishing his liability. See 30 Fla.Jur. Suretyship and Guaranty § 30 (1974).
The bond in the case at bar is conditioned very clearly upon all costs and damages that defendant sustains as a consequence of plaintiff improperly obtaining appointment of a receiver.
In the order discharging the receiver and awarding final receivership fees, the trial judge made no finding that the obtaining of the appointment of a receiver by the plaintiff was improper. This condition of the bond not having been met, the trial judge erred in entering the order directing plaintiff as principal and Travelers Indemnity Company as surety to pay the $4,000 receiver’s fee.
Reversed.